UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

    v.                                                          Case No. 8:19-cr-376-T-30SPF

DANYEL MEGAL BLACK
_____/

## ORDER

Defendant Danyel Megal Black moves, pursuant to Fed. R. Crim. P. 41(g), for the return of property seized pursuant to a search warrant. (Doc. 83). Defendant alleges that the property, an Apple I-Phone and $1,865.00 in cash, was seized by the "Manatee County Sheriff's Office who were participating in a joint task force operation with the Bureau of Alcohol, Tobacco, Firearms and Explosives." (*Id.* at 1). Defendant further alleges that "[t]he $1,865.00 cash as well as the Iphone continue to be held by the Manatee County Sheriff's office under report no. 2019-004722." (*Id.* at 2). Because it appears that the property is in the possession of the Manatee County Sherriff's Office and not the United States, relief under Rule 41(g) is unavailable. *See United States v. Stoune*, No. 3:15-CR-89-J-34PDB, 2018 WL 7020873, at *7 (M.D. Fla. Sept. 11, 2018) ("If property is in the hands of state officials, the property is not within the jurisdiction of the federal court."), report and recommendation adopted, No. 315CR89S1J34PDB, 2018 WL 6522100 (M.D. Fla. Dec. 11, 2018), aff'd, No. 19-10538-HH, 2019 WL 3814583 (11th Cir. Aug. 6, 2019); *VanHorn v. Fla.*, 677 F. Supp. 2d 1288, 1298 (M.D. Fla. 2009)("relief under Rule 41(g) is unavailable as a remedy to recover property allegedly in HCSO's possession and (b)

[defendant] has (or had) an adequate remedy in state court to recover any property in HCSO's possession.");

Accordingly, it is hereby ORDERED:

Defendant's Unopposed Motion for Return of Property (Doc. 83) is denied without prejudice.

**ORDERED** in Tampa, Florida, on January 30, 2020.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE